UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__MICHAEL OUTERBRIDGE__  Plaintiff PRO-Se
__11 CiV.3843 (RJS)(KNF)__

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

__THE CITY OF NEW YORK, et.al.__
__Det. Shannon Brooks, #03463__
__P.O. Jorge Tobon, #9637__
__Det. Angus McKenzie, #06284__
__P.O. Keith Knight, #2711__

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

(RESUBMITTING OF

# COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No
(check one)

MAY 31 2013
PRO SE OFFICE

## I.    Parties in this complaint:

A.    List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name    __Michael Outerbridge__
             ID #    __349-13-02717__
             Current Institution __BKHDC.__
             Address __275 Atlantic Ave.__
                     __Brooklyn, New York  11201.__

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Defendant No. 1 | Name __Det. Shannon Brooks__ | Shield # __30463__ |
| | Where Currently Employed __NYPD. at the 25th Pct.__ | |
| | Address __120 E.119th St.__ | |
| | __New York, N.Y. 10023.__ | |
| Defendant No. 2 | Name __P.O. Jorge Tobon__ | Shield # __9637__ |
| | Where Currently Employed __NYPD. at the 25th Pct.__ | |
| | Address __120E. 119th St.__ | |
| | __New York, N.Y. 10023.__ | |
| Defendant No. 3 | Name __Det. Angus McKenzie__ | Shield # __06284__ |
| m | Address __120 E.119th St.__ | |
| | Where Currently Employed __NYPD. at the 25th Pct.__ | |
| | __New York, N.Y. 10023.__ | |
| Defendant No. 4 | Name __P.O. Keith Knight__ | Shield # __2711__ |
| | Where Currently Employed __NYPD. at the 25th Pct.__ | |
| | Address __120 E.119th St.__ | |
| | __NEW York, n.y. 10023.__ | |
| Defendant No. 5 | Name _____ | Shield # _____ |
| | Where Currently Employed _____ | |
| | Address _____ | |

## II. Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? __At the 25th Pct. located at 120 E.119th St. New York, N.Y. 10023.__

B. Where in the institution did the events giving rise to your claim(s) occur? __Inside the holding Pen Cell area inside the Precinct.__

C. What date and approximate time did the events giving rise to your claim(s) occur? __At 11:35am. hours, On Sep.29, 2007.__

*Rev. 05/2010*               4

D.  Facts: Plaintiff Michael Outerbridge re-submit(s) this complaint of Dkt. #11 CV.3843 (RJS)(KNF)., in the case of Outerbridge v. the City of New York, et,al. Plaintiff refile(s) this complaint due to the fact(s) of the equitable tolling doctrine that does apply here and of fact(s) that prove this claim must survive the Order of dismissal dated: Jul.20,2012. Plaintiff intends to show this complaint are not time barred according to the Defendant(s) motion to dismiss pursuant to rule 12(b)(6); of the laws of Fed.R.Civ.P., Dated: Dec.21,2011. The InD.#4934/07; charging the plaintiff with the crime(s) of CPCS.PL.220.16; CSCS.PL.220.39; AOPO.PL.120.11; R/A;PL.205.30; All were dismissed on Nov.30, 2007; The InD.#0071/08; were filed on Jan.17,2008., which were superseded of InD.#4934/07; charging the plaintiff with the crime(s) of CSCS.PL.220.39(1); and R/A.PL.205.30. Plaintiff were arraigned on InD.#0071/08; on Jun.25,2008; The People conceded the InDictment were false and dismissed the InD.#0071/08; on Jun.29,2010; proving the plaintiff were within the equitable tolling doctrine guideline(s) of three year(s). Plaintiff will prove there were no probable cause for the criminal charge(s); and the Defendant(s) acted maliciously; pointing out plaintiff were assaulted by the Defendant(s); which plaintiff intend(s) to prove by requesting and subpoena of Det.Shannon Brooks,shield#03463 medical record(s) of Sep.29,2007; proving this officer broke his hand punching me, the plaintiff as stated in the original complaint. (1) The InD.#04934/07; were dismissed pursuant to CpL.190.50(1)(a); and the InD.#00071/08; were Dismissed and sealed on Jun.29, 2010., all at the time of the report and recommendation Dated: Jul.03,2012., and at the time of the Order of Dismissal On

### Side annotations:
- What happened to you?
- Who did what?
- Was anyone else involved?
- Who else saw what happened?

III.  Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. A violation of plaintiff's USCA. right's 4th, 5th, 6th, 8th, 13th, 14th. Plaintiff suffered emotional and psychological damage and injuries as well as physical pain and suffering. false arrest, false imprisonment, false accusations, Malicious,Vindictive,Prejudice prosecution. Plaintiff were visciously beaten and assaulted by the Officer's listed herewithin. These Officer's violated the plaintiff's Human right's while acting under the color of State Law. Plaintiff were badly bruised and suffered severe swelling to his ribcage from the beating by these police officer's, Brutality. Plaintiff were denied medical treatment by the Officer's also.

IV.  Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes __*__   No ____

## EQUITABLE TIME TOLLING DOCTRINE

Dated: Jul.20,2012., Plaintiff were within the Equitable tolling guideline(s) of filing and pursuing the claims stated herewithin by demonstrating diligently and timely. Plaintiff ascerts that from Sep.29,2007., to Nov.30,2007; are (91) days of imprisonment. InD.#04934/07; are dismissed pursuant to CpL.190.50(1)(a); in favor of the accused pursuant to CpL.160.50(1)(a); from Nov.26,2007; to Jan. 10,2008; (45) days plaintiff were held and released on R.O.R.;From Jun.25,2008; when plaintiff were arraigned on the supersedeing InD.#00071/08; to Jun.29,2010; when the InDictment were dismissed, are A total of two (2) years and one hundred fourty days (140), and sealed pursuant to CpL.160.50(1)(a); in favor of the accused.

Plaintiff includes the (6) month(s) and (12) days for A total of (192) days, which brings the overall total to two years, (2), eleven month's (11), and one (1) day. To which all of this time are excluded because the three year statute of limitations governing A section 1983 claim based on malicious prosecution,starts to run only when the underlying criminal action is conclusively terminated.

THEREFORE, Plaintiff were well within the guideline(s) of the equitable tolling doctrine that applies here,from Jun.29,2010; to May.05,2011; which are A total of nine (09) month's and six (6) days. Plaintiff timely filed his 1983 prisoner's civil right's complaint. Excluding the equitable tolling doctrine, Plaintiff were within the Time Statute Of Limitations Of filing his/A 1983 claim. therefore, plaintiff are not time barred.

## FALSE ARREST

On Sep.29,2007; U/C Officer shield #2504; stated and filed A complaint charging the plaintiff with the crimes of CPCS.,CSCS.,AOPO.,R/A; all that were dismissed and sealed in favor of the accused pursuant to CpL.160.50(1)(a). The superseding InDictment were also dismissed in favor of the accused. The validity of an arrest does not depend upon an ultimate finding of guilt or innocence. Rather, the soundness of the arrest hinges on the existence of probable cause at the time of the arrest was made. The existance of probable cause is evaluated under an objective standard. In conducting the evaluation, evidence must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement. (Hausman, 894 F. Supp. at 147 (citation omitted).; and Id. at 148 (citing Lindsey v.Loughlin, 616 F. Supp. 449, 451 (E.D.N.Y. 1985)).; and also see, Illinois v.Gates, 462 U.S. 213,

6

## FALSE ARREST

232, 76 L. Ed. 2d 527, 103 S.Ct. 2317 (1983) (quoting U.S. v. Cortez, 449 U.S. 411, 418, 66 L. Ed. 2d 621, 101 S.Ct. 690 (1981)). The Probable Cause determination by the arresting Officer(s) pinpoint the justification were insufficient and ineffective regarding the arrest without evidence, becomes false arrest albeit, A dismissal.

## MALICIOUS PROSECUTION

On Sep.29,2007; Plaintiff were assaulted by the Officer(s) listed here within and that these Officer's of the law violated plaintiff's right's protected under 42 U.S.C. 1983 claim, while acting under the Color of state law. Plaintiff were deprived of his liberty consistent with the concept of 'seizure" because the right implicated in such actions is the right to be free of unreasonable seizure of the person-- i.e. Plaintiff had the right to be free of unreasonable or unwarranted restraints on personal liberty. A Malicious Prosecution claim is based on A perversion of proper legal procedure. (There were never any evidence recovered and /or seized from the plaintiff at anytime during the criminal proceeding.) The Court of Appeals has stated that to maintain A 1983 claim for malicious prosecution under the fourth amendment, the deprivation of liberty-- the seizure-- must have been effected 'pursuant to legal process. Generally, the legal process manifests itself "in the form of A warrant, in which case the arrest itself may constitute the seizure, or A subsequent arraignment, in which case any post-arraignment deprivations of liberty (such as being bound over for trial) might satisfy this constitutional requirement." Here, there were never any legal process effectuated upon the plaintiff.

Plaintiff were arrested without probable cause" and assualted by these Officer's whom then blamed the plaintiff for assualting them. The Officer's never recovered any evidence of criminal accusation. Therefore the seizure and the deprivation of Liberty were an illegal process", albeit A dismissal of the criminal charges. Plaintiff, to this date are legally within the statute of time limitation(s) OF FILING A PCRC. 1983, of three (3) years. Plaintiff first filed: MAY.05,2011; from Jun.29,2010; to MAY.22,2013; are two (2) year(s)(10) ten Month's and 23 days. Therefore, plaintiff's claim(s) FOR Malicious Pro-

7

<u>Con't F.P.3.</u>

Prosecution, False Arrest, False Imprisonment, False Accusations, and all other injuries Plaintiff has listed within this complaint herein, including Police Brutality by these Officer's listed, are not time barred as stated in the report and recommendation <u>signed and dated on Jul.03,2012; by the Magistrate Justice (KNF).,</u> and in the Order Adopting the report and recommendation signed and dated by the <u>USDCJ., (RJS); on Jul.18,2012.,</u> The Order dismissing the Plaintiff's complaint fails to state pursuant to Fed R. Civ P., under what statute were the complaint dismissed.

The Plaintiff were well within the guideline(s) OF FILING his/A 1983 complaint of one (1) year and ninety (90) days; and within the three (3) year statute of limitation(s) A plaintiff has to file.

<u>USDC;SDNY;SDPM COURTHOUSE</u>
DATED: 23 MAY. 2013
COUNTY OF: KINGS, NEW YORK
11201.

_____
PLAINTIFF PRO-SE.

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).     AMKC. AT 18-18 HazenSt.
East Elmhurst, New York 11370.

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes __*__   No ____   Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No __*__   Do Not Know ____

If YES, which claim(s)?  __None__

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes __*__   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes __*__   No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      AMKC. 18-18 Hazen St. East Elmhurst, New York 11370.

1. Which claim(s) in this complaint did you grieve?  __False Arrest, False Imprisonment, false Accusations. Malicious, Vindictive, Prejudice Prosecution. Mental Anguish, Mental Cruelty, Psychological disorder, Cruel and Unusual pun.__

2. What was the result, if any?  __None, Plaintiff sent grievance directly to to the Controller's Office and recieved A claim #.__

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.  __The inmate grievance procedure C.O. P. Jefferson; stated this were not A grievable issue because it did not take place at the NYC-DOC.__

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:  __Grievance were filed, no resolution to resolve were ever met by the NYC-DOC.__

2. If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: __None__

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. __Plaintiff called the NYC Board of Corr. to file A complaint and were told also this were not A grievable issue their office could resolve for the plaintiff.__

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). __Plaintiff states A claim upon which relief may be granted upon whereas the plaintiff were falsely Arrested, falsely Accused, and falsely imprisoned for crimes Obviously He did not committ, by Officer's acting under the color of State Law listed herewithin, who violated the plaintiff's USCA. right's. Plaintiff also states A claim upon which relief may granted whereas The Malicious Assualt and physical abuse, suffered and endured by these Officer(s) acting under the color of state law, and The Plantiff States A claim upon which relief may granted upon whereas the plaintiff suffered and endured the Malicious Vindictve, and Prejudice prosecution of the D.A.'s Office, to which also acted under the color of State Law. Plaintiff- also states A claim upon which relief may be granted upon whereas plaintiff's Human right's were violated at the same time and instance of plaintiff's Constitutional right's under the USCA., with this travesty of injustice subjected to the plaintiff by these Officials of the Law. Plaintiff states A claim upon which relief may be granted whereas plaintiff's 4th,5th,6th,8th,13th and 14th. Amendments of the USCA. wetre violated.__ Plaintiff seeks $10.000.000 Dol. in relief.

VI.  **Previous lawsuits:**

[On these claims]

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No __*__

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1. Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   3. Docket or Index number _____

   4. Name of Judge assigned to your case _____

   5. Approximate date of filing lawsuit _____

   6. Is the case still pending?  Yes _____   No _____
      If NO, give the approximate date of disposition _____

   7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

[On other claims]

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No __*__

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1. Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____

   3. Docket or Index number _____

   4. Name of Judge assigned to your case _____

   5. Approximate date of filing lawsuit _____

   6. Is the case still pending?  Yes _____   No _____
      If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) **None**

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of May, 2013

Signature of Plaintiff: *[signed] Michael Outerbridge*
Inmate Number: 349-13-02717
Institution Address: BKHDC, 275 Atlantic Ave, Kings County, New York, Brooklyn, New York 11201

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 23 day of May, 2013, I am delivering this complaint to prison authorities to be mailed to the Pro Se Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *[signed] Michael Outerbridge*